UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

**PLUMBERS & GASFITTERS UNION LOCAL NO. 75 HEALTH FUND,**
**PLUMBERS LOCAL 75 EDUCATON FUND**
**and STEVE BREITLOW (in his capacity as Trustee),**

**PLUMBING INDUSTRY DEVELOPMENT FUND, INC.,**

**BUILDING TRADES UNITED PENSION TRUST FUND,**
**and DOUG EDWARDS (in his capacity as Trustee),**

      **Plaintiffs,**

  v.                 Case No. 23-cv-1367

**WILKES PLUMBING, INC., and**
**J. WILKES PLUMBING & HEATING, INC.**

      **Defendants.**

---

### COMPLAINT

---

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm S.C., by Christopher J. Ahrens and Alex J. Sterling and as and for a cause of action against the Defendants, allege and show to the Court the following:

**Jurisdiction and Venue**

1. Jurisdiction of this Court upon the defendants is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendants' violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendants' continued refusal to submit, as well as untimely submission of,

contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, LMRA § 301, and the common law of the State of Wisconsin. The Court has jurisdiction over the Plaintiff's claims against J. Wilkes Plumbing & Heating, Inc. pursuant to the federal common law of single employer liability.

2. Venue lies in this court under ERISA § 502(e)(2) (29 U.S.C. §1132(e) (2)) in that the Defendants' principal offices are located in Washington County, Wisconsin.

**Parties**

3. Plaintiffs Plumbers Local No. 75 Health Fund and Plumbers Local 75 Education Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the trustees, participants and beneficiaries of said plans. Said plans maintain offices at 11175 West Parkland Avenue, Milwaukee, Wisconsin.

4. Plaintiff Steve Breitlow is a Trustee and fiduciary of the Plumbers Local 75 Health Fund as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. §1002, et seq.) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Steve Breitlow maintains offices at 11175 West Parkland Avenue, Milwaukee, Wisconsin 53224.

5. Plumbing Industry Development Fund, Inc. ("Development Fund") is a domestic corporation that promotes the interests of contractors who are signatory to

collective bargaining agreements with Plumbers Local 75. It maintains its principal place of business at 11001 W. Plank Court, Suite 100, Wauwatosa, Wisconsin.

6. Plaintiff Building Trades United Pension Trust Fund (hereafter "Pension Fund") is an employee pension benefit plan within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3) and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants and beneficiaries of said plan. Said plan maintains offices at 500 Elm Grove Road, Elm Grove, Wisconsin 53122.

7. Plaintiff Doug Edwards is a Trustee and a fiduciary of the Pension Plan and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Doug Edwards maintains an office at 3300 South 103rd Street, Milwaukee, Wisconsin 53227.

8. Defendant Wilkes Plumbing, Inc. (Wilkes Plumbing) is a Wisconsin corporation engaged in business with principal offices located at 5302 Division Road, West Bend, Wisconsin 53095. The registered agent for service of process is Jerrald A. Wilkes, at the same address.

9. Defendant J. Wilkes Plumbing & Heating, Inc. (J. Wilkes Plumbing & Heating) is an active Wisconsin corporation with the same principal place of business and the same registered agent for service of process as Wilkes Plumbing.

## Facts

10. Wilkes Plumbing and J. Wilkes Plumbing & Heating are employers and parties in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5),

(11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)) and the LMRA (29 U.S.C. § 151, et seq.).

11. For all times relevant, Wilkes Plumbing was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (Labor Agreements) between itself and Plumbers Union Local No. 75 (Plumbers Union).

12. The Plumbers Union represents, for purposes of collective bargaining, certain Wilkes Plumbing employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

13. The Labor Agreements described herein contain provisions whereby Wilkes Plumbing agreed to make timely payments to Plaintiffs' trust funds for each employee covered by said Labor Agreements.

14. By execution of said Labor Agreements, Wilkes Plumbing adopted the trust agreements and amendments thereof which establish and govern Plaintiffs and are necessary for their administration, and designated as its representatives on the board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

15. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations

4

heretofore and hereafter adopted by the trustees of said trust funds, Wilkes Plumbing has agreed as follows:

    a.    to file monthly reports and make timely and prompt contributions to the plaintiff funds for each employee covered by the aforementioned Labor Agreements;

    b.    to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    c.    to adopt and abide by all of the rules and regulations adopted by the trustees of the plaintiff funds pursuant to the trust agreements;

    d.    to adopt and abide by all of the actions of the trustees in administering the plaintiff funds in accordance with the trust agreements and the rules so adopted;

    e.    to pay, in addition to all of the contributions which are due and owing, liquidated damages, and interest relative to delinquent contributions; and

    f.    to pay, in addition to delinquent contributions, interest and liquidated damages, actual attorney fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

16. According to the 2023 Annual Reports filed with the Wisconsin Department of Financial Institutions filed by Wilkes Plumbing and J. Wilkes Plumbing & Heating,

Jerrald Wilkes and Caroline Wilkes own 100% of both Wilkes Plumbing and J. Wilkes Plumbing & Heating.

17. On or about December 28, 2022, the Plaintiff Funds auditing representative (Auditor) sent an audit scheduling letter to Wilkes Plumbing to conduct a payroll audit of Wilkes Plumbing's books and records for the period January 1, 2020, through October 31, 2022 (Audit Period). In response to the audit scheduling letter, the Auditor received a letter from Wilkes Plumbing dated November 23, 2022, signed by Caroline Wilkes, stating Wilkes Plumbing employed no union plumbers during the Audit Period.

18. Wilkes Plumbing later sent the Auditor Quarterly Contribution Reports for the period January 1, 2020, through September 30, 2022, all signed by Caroline Wilkes, purportedly filed with the Wisconsin Department of Workforce Development, indicating that Wilkes Plumbing employed no employees during this period.

19. During a conversation with the Auditor, Caroline Wilkes admitted that she and Jerrald Wilkes also own J. Wilkes Plumbing & Heating, operate that company out of the same location as Wilkes Plumbing, and that J. Wilkes Plumbing & Heating employs two to three plumbers.

20. Upon information and belief, Wilkes Plumbing and J. Wilkes Plumbing & Heating use the same staff to perform administrative functions, so that the same staff bid for work, prepare and collect accounts receivables, process and pay accounts payables, managed bank accounts, administer wages and fringe benefits, and maintain employment records for both Wilkes Plumbing and J. Wilkes Plumbing & Heating.

19. Upon information and belief, Wilkes Plumbing has one employee, but only contributions for the owner, Jerrald Wilkes, have been received by the Plaintiff Funds pursuant to an Alumni Participation Agreement (Alumni Agreement).

20. Upon information and belief, both Caroline Wilkes and Jerrald Wilkes had the ability to hire and fire employees and supervised the day-to-day work of the employees for both Wilkes Plumbing and J. Wilkes Plumbing & Heating.

21. Upon information and belief, as early as January 2020, J. Wilkes Plumbing & Heating began performing work covered by the Labor Agreements on projects that Wilkes Plumbing had previously bid, or had already been working on, replacing Wilkes Plumbing on those projects.

22. Upon information and belief, if Wilkes Plumbing was successful in winning a bid for work, the workers performing work on behalf of Wilkes Plumbing on such projects were also employees of J. Wilkes Plumbing & Heating.

23. Caroline Wilkes and Jerrald Wilkes, either by themselves or through employees and/or agents that they employ, are responsible for maintaining business records, handling labor relations, processing payroll, handling billing, paying accounts payable, and managing bank accounts for both Wilkes Plumbing and J. Wilkes Plumbing & Heating.

24. J. Wilkes Plumbing & Heating employees worked on Wilkes Plumbing projects using Wilkes Plumbing trucks, equipment, and tools. There appears to be no exchange of consideration between Wilkes Plumbing and J. Wilkes Plumbing & Heating in return for employees working on Wilkes Plumbing's projects. Upon information and

belief there were no projects on which both Wilkes Plumbing and J. Wilkes Plumbing & Heating were listed as general or subcontractors.

25. ERISA § 502(g)(2), as amended by the MPPAA provides:

> (2)  In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A)  the unpaid contributions,
>
> (B)  interest on the unpaid contributions,
>
> (C)  an amount equal to the greater of --
>
> > (i)  interest on the unpaid contributions, or
> >
> > (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),
>
> (D)  reasonable attorney's fees and costs of this action, to be paid by the defendant, and
>
> (E)  such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

26. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

27. To date, the Plaintiff Funds have not received any contributions from J. Wilkes Plumbing & Heating for work hours covered by the Labor Agreements.

**Claim One Against Wilkes Plumbing, Inc. and J. Wilkes Plumbing & Heating, Inc.
Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)**

28. As and for a first claim for relief against Defendants, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 27 above and incorporate the same as though fully set forth herein word for word.

29. For purposes of this claim, Plaintiffs Plumbers & Gasfitters Union Local No. 75 Health Fund, Plumbers Local 75 Education Fund, and Building Trades United Pension Trust Fund will be referred to as the "Funds."

30. Wilkes Plumbing and J. Wilkes Plumbing & Heating constitute a single employer as there is a substantial interrelation of operations between the two entities, they share common management and ownership, and there is centralized control of labor relations for the two entities.

31. Because Defendants constitute a single employer, both Defendants are obligated to remit contributions for all hours of covered work under the Labor Agreements to which Wilkes Plumbing is signatory.

32. Wilkes Plumbing and J. Wilkes Plumbing & Heating have failed to perform their obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements, and Alumni Agreement by, although not necessarily limited to, failing to make continuing and prompt payments to the Plaintiff Funds as required by the Labor Agreements and trust agreements for all Wilkes Plumbing and J. Wilkes Plumbing & Heating employees covered by the Labor Agreements, in violation of 29 U.S.C. §1145.

33. Therefore, on all contributions that remain unpaid from January 1, 2020, through the date of the filing of this Complaint, the Funds are entitled to recover from

Defendants all owed contributions; as well as their reasonable attorneys' fees of collection, interest at 1.5% per month, and liquidated damages of 20% on all owed contributions pursuant to 29 U.S.C. §1132(g), the Policy on Employer Accounts, and applicable collective bargaining agreements.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against Wilkes Plumbing, Inc. and J. Wilkes Plumbing & Heating, Inc.:

    A. For unpaid contributions, interest, and liquidated damages owed to the Funds for the period January 1, 2020, to the commencement of this lawsuit;

    B. For unpaid contributions, interest, and liquidated damages owed to the Funds becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    C. Actual attorneys' fees and costs of prosecution.

2. An order directing Wilkes Plumbing, Inc. and J. Wilkes Plumbing & Heating, Inc. to fully submit to an audit of the company's books and records by Plaintiffs' designated representatives for the period January 1, 2020, to the Present.

3. For such other, further, or different relief as the Court deems just and proper.

**Claim Two Against Wilkes Plumbing, Inc. and J. Wilkes Plumbing & Heating, Inc.
Violation of LMRA § 301 (29 U.S.C. § 185)**

34. As and for a second claim for relief against Defendants, Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 33 above and incorporate the same as though fully set forth herein word for word.

35. Due demand has been made upon Defendants for payment of all contributions, interest, and liquidated damages owed to the Development Fund, but said Defendants have refused to pay them, and amounts remain due and owing.

36. Because, as the Development Fund is informed and believes, Defendants have not paid timely and prompt contributions, the Development Fund's income is reduced and benefits provided to participants are affected. Consequently, LMRA has been violated, and the Development Fund is entitled to all of the remedies provided by LMRA.

**WHEREFORE**, the Development Fund demands the following relief:

1. Judgment on behalf of the Development Fund and against Wilkes Plumbing, Inc. and J. Wilkes Plumbing & Heating, Inc.:

    A. For unpaid contributions, interest, and liquidated damages owed to the Development Fund for the period January 1, 2020, to the commencement of this lawsuit;

    B. For unpaid contributions, interest, and liquidated damages owed to the Development Fund becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

C. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the Court deems just and proper.

Dated this 13th day of October, 2023

/s/Alex J. Sterling
Alex J. Sterling (SBN: 1107931)
Christopher J. Ahrens (SBN: 1043237)
THE PREVIANT LAW FIRM, S.C.
310 West Wisconsin Avenue, Suite 100MW
Milwaukee, Wisconsin 53203
Phone: (414) 271-4500; FAX: (414) 271-6308
Email: ajs@previant.com

Attorneys for Plaintiffs