UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**PLUMBERS & GASFITTERS UNION LOCAL NO. 75 HEALTH FUND,
PLUMBERS LOCAL 75 EDUCATON FUND
and STEVE BREITLOW (in his capacity as Trustee),**

**PLUMBING INDUSTRY DEVELOPMENT FUND, INC.,**

**BUILDING TRADES UNITED PENSION TRUST FUND,
and DOUG EDWARDS (in his capacity as Trustee),**

    Plaintiffs,

    v.                                          Case No. 23-CV-1367-SCD

**WILKES PLUMBING, INC, and
J. WILKES PLUMBING & HEATING, INC.**

    Defendants.

---

## DECISION AND ORDER
## GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

Two employee benefit plans (the Plumbers & Gasfitters Union Local No. 75 Health Fund and Plumbers Local 75 Education Fund), a domestic corporation (Plumbing Industry Development Fund, Inc.), and a pension fund (Building Trades United Pension Trust Fund) brought this action together with Steve Breitlow (a benefit plan trustee, fiduciary, participant, and beneficiary) and Doug Edwards (a pension fund trustee and fiduciary). ECF No. 1 ¶¶ 3–7. Collectively, the plaintiffs allege that Wilkes Plumbing Inc. (acting as a single employer with J. Wilkes Plumbing & Heating Inc.) violated the Employee Retirement Income Security Act of 1974 (ERISA) and the Labor Management Relations Act (LMRA). *Id.* ¶¶ 28–36. The defendants filed a motion for summary judgment on all claims. *See* ECF No. 18. As explained herein, the plaintiff failed to timely respond to that motion, and the defendants have

demonstrated that they are entitled to judgment as matter of law. Accordingly, I will grant the defendants' motion in its entirety.

## BACKGROUND

The plaintiffs' failure to respond to the defendants' statements of facts renders those facts admitted for the purposes of deciding summary judgment. *See* E.D. Wis. Civ. L. R. 56(b)(4).[1] Therefore, the relevant facts are as follows:

Jerrald A. Wilkes and Caroline E. Wilkes co-own Wilkes Plumbing. Def.'s Prop. Findings of Fact, ECF No. 19 ¶ 2. On October 8, 1998, Wilkes Plumbing executed an area-wide multi-employer agreement (the Agreement) with the Plumbers & Gasfitters Union Local No. 75 (the Union) and became subject to the collective bargaining agreement (the Labor Agreement) between the Union and the Plumbing and Mechanical Contractors Association of Milwaukee and Southeastern Wisconsin (the PMC). *Id.* ¶ 5; *see also* ECF No. 20-1 (copy of the Labor Agreement). The Labor Agreement provided that it would run through May 31, 1999, and continue in effect from year to year thereafter unless notice of termination or amendment was given no less than sixty days prior to the expiration date. ECF No. 19 ¶¶ 7–8; ECF No. 20-1 at 2.

On March 29, 2012, Caroline Wilkes drafted a letter stating, "I am informing local 75 and the PMC that Wilkes Plumbing Inc. would no longer like to be a Local 75 union contractor. This is my withdrawal letter to Local 75 and the PMC." ECF No. 19 ¶¶ 12–15; *see also* ECF No. 20-2 (copies of the letter). Jerrald Wilkes signed two copies of the letter—one for the PMC, addressed to Lauri Rollings, and another letter to the Union, addressed to Steve

---

[1] After filing the motion for summary judgment and associated filings on July 31, the defendants filed a letter dated September 6 pointing out that the plaintiffs had not responded to the motion. There has been no response either to the motion or the defendants' letter. The court therefore interprets the plaintiffs' stance as one of implicit acquiescence.
2

Breitlow. ECF No. 19 ¶¶ 12–13. Caroline placed them in the U.S. mail with first class postage and Wilkes Plumbing's return address on the envelopes. *Id.* ¶ 14. Wilkes Plumbing did not receive any indication from the U.S. Postal Service that the letters were not delivered. *Id.* ¶ 18. The plaintiffs admitted that the PMC received the letter and that the address was correct for the Union at that time, but they denied that the Union received the letter. *Id.* ¶¶ 16–17.

Since 2012, Wilkes Plumbing has not made contributions to the plaintiffs' respective funds or adhered to the Union's Labor Agreement. *Id.* ¶¶ 19–20. Jerrald Wilkes continued to pay monthly union dues to keep his individual pension alive, but Wilkes Plumbing stopped all fund contributions for Jerrald Wilkes between 2012 and 2023. *Id.* ¶ 26. Prior to this lawsuit, the plaintiffs did not contact the defendants to claim they had any obligations to the Union or the plaintiffs. *Id.* ¶¶ 21, 27. In light of the letters of withdrawal that it sent to the Union and the Association on March 29, 2012, and no further contact from the plaintiffs after June 1, 2012, Wilkes Plumbing understood that it was no longer a party to the Agreement, the Labor Agreement, or any other contract with the Union or Plaintiffs after June 1, 2012. *Id.* ¶ 28.

In October 2023, the plaintiffs filed a complaint in federal district court, alleging that the defendants violated certain labor and trust agreements by failing to remit payments. *See* ECF No. 1. The clerk randomly assigned the matter to Chief Judge Pepper, who reassigned it to me after all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 9, 12, 13. On July 31, 2024, the defendants filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* ECF No. 18. The plaintiffs have not filed a brief in opposition. The defendants filed a

3

letter advising that they would not file a reply brief and requested that I treat the plaintiffs' silence as acquiescence to their arguments, ECF No. 24.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts" are those that, under the applicable substantive law, "might affect the outcome of the suit." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A moving party "is 'entitled to a judgment as a matter of law'" when "the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Still,

> a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* (internal quotation marks omitted).

To determine whether a genuine issue of material fact exists, I must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *See Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003) (citing *Anderson*, 477 U.S. at 255). "However, [my] favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Fitzgerald v. Santoro*, 707 F.3d 725, 730 (7th Cir. 2013) (quoting *Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 306 (7th Cir. 2012)). That is, "to survive summary judgment, the non-moving party

4

must establish some genuine issue for trial 'such that a reasonable jury could return a verdict' in [its] favor." *Id.* (quoting *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011)).

## DISCUSSION

The plaintiffs claim that Wilkes Plumbing failed to make contributions in accordance with certain collective bargaining agreements during the period from January 1, 2020, to October 13, 2023. ECF No. 1 ¶¶ 33, 36. The claim rests on the plaintiffs' assertion that Wilkes Plumbing was and remained a party to the Labor Agreement with Plumbers Union Local No. 75 at all relevant times. *Id.* ¶¶ 11, 13–15. The defendants assert that Wilkes Plumbing withdrew from the Labor Agreement, and accordingly, has not charged its customers labor rates based off the union wage and benefit scale. ECF No. 19 ¶¶ 28–29. Since the plaintiffs have not responded to the defendants' motion for summary judgment, the defendants request that I treat their silence as concession. *See* ECF No. 24.

"However, a nonmovant's failure to respond to a summary judgment motion, or failure to comply with [the Local Rules], does not, of course, automatically result in judgment for the movant." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006) (citing *Reales v. Consol. Rail Corp.*, 84 F.3d 993, 997 (7th Cir. 1996)). "The ultimate burden of persuasion remains with [the movants] to show that [they are] entitled to judgment as a matter of law." *Id.* (citing *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992)).

An employer or union may withdraw from a multiemployer bargaining unit only "upon adequate written notice given prior to the date set by the contract for modification, or to the agreed-upon date to begin the multiemployer negotiations." *Trustees of Int'l Bhd. of Teamsters, Loc. 727, Pension Fund v. O'Donnell-Bartz-Schultz Funeral Home Ltd.*, No. 91 C 0573,

5

1993 WL 596258, at *4 (N.D. Ill. Sept. 23, 1993) (quoting *Retail Associates, Inc.*, 120 NLRB 388, 395 (1958)). Based on the undisputed facts described above, Wilkes Plumbing mailed withdrawal letters to the Union and the related trade association in compliance with the sixty-day notice of termination prior to annual renewal. ECF No. 19 ¶¶ 8, 12–15; ECF No. 20-1 at 2. Therefore, Wilkes Plumbing provided adequate written notice of withdrawal from the Labor Agreement in 2012. *See* ECF No. 19 ¶ 28.

While the plaintiffs disputed receipt of the withdrawal notice in their response to the defendants' discovery request, the plaintiffs have not disputed that proposed fact for purposes of summary judgment, and therefore, have failed to generate a genuine issue of fact. *See* ECF No. 22-1 at 2; E.D. Wis. Civ. L. R. 56(b)(4). Moreover, "[t]he law presumes timely delivery of a properly addressed piece of mail." *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001). Caroline Wilkes has attested to preparing the withdrawal letter in question, ECF No. 20 ¶¶ 10–13, and the plaintiffs affirmed the accuracy of the mailing address, ECF No. 22-1 at 2. Because Wilkes Plumbing was no longer party to the agreement giving rise to the plaintiffs' claims, the plaintiffs' claims against it fail as a matter of law.

As for defendant J. Wilkes Plumbing & Heating, Inc., the plaintiffs have not alleged that this entity was party to any of the agreements in question. *See* ECF No. 1. Rather, the plaintiffs alleged that the two entities operated interchangeably and invoked a single employer theory of liability. ECF No. 1 ¶¶ 30–31. Regardless of whether a single employer theory could apply, there is no liability to attach to J. Wilkes Plumbing given that Wilkes Plumbing was no longer party to the Labor Agreement at the relevant time. Therefore, J. Wilkes Plumbing is likewise entitled to judgment as a matter of law.

## CONCLUSION

For all the foregoing reasons, the court **GRANTS** the defendants' motion for summary judgment, ECF No. 18. The action is dismissed with prejudice. The clerk of court shall enter judgment accordingly.

**SO ORDERED** this 10th day of October, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge